**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**COURT FILE NO: CV-**

| | | |
|---|---|---|
| **DANA B. TILLOTSON, an individual** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **COMPLAINT** |
| **CREDITORS INTERCHANGE, INC.** | ) | |
| **d/b/a CREDITORS INTERCHANGE** | ) | |
| **and** | ) | |
| **CREDITORS INTERCHANGE** | ) | |
| **RECEIVABLES MANAGEMENT, LLC** | ) | |
| **d/b/a CREDITORS INTERCHANGE** | ) | |
| **and** | ) | |
| **ELIZABETH BROOKS, an individual** | ) | **JURY TRIAL DEMANDED** |
| **and** | ) | |
| **SUEANN CORRIGAN, an individual** | ) | |
| **and** | ) | |
| **JAMES GILETTO, an individual** | ) | |
| **and** | ) | |
| **MAGGIE LAW, an individual** | ) | |
| **Defendants** | ) | |

**COMPLAINT**

**I. JURISDICTION AND VENUE**

1.      Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania

Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and

Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter

"UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive,

misleading and unfair practices.

2.      Venue is proper in this District because the acts and transactions occurred here and

Plaintiff resides within this district.

**II. PARTIES**

3.      Plaintiff, Dana B. Tillotson ("Plaintiff"), is a natural person who resides at 20 Pine

Avenue, Richboro, PA 18954 and is a "consumer" as that term is defined by 15 U.S.C. section

1692a(3).

4.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family

or household purposes, in this case, a credit card, and is therefore a "debt" as that term is

defined by 15 U.S.C. § 1692a(5).

5.      Defendants, Creditors Interchange, Inc. and Creditors Interchange Receivables

Management, LLC ("CI"), is upon information and belief, operate under the name Creditors

Interchange, an organization with its headquarters located at 80 Holtz Drive, Buffalo, NY

14225, and, at all time relevant herein, operated as a collection agency, and is a "debt collector"

as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and

through its owners, managers, officer, shareholders, authorized representatives, partners,

employees, agents and/or workmen.

6.      Defendant CI, at all times relevant hereto, were persons who used an instrumentality of

interstate commerce or the mails in a business the principal purpose of which was the collection

of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or

due asserted to be owed or due another, and/or who, in the process of collecting its own debts,

used a name other than its own which would indicate that a third person was collecting or

attempting to collect such debts.

7.      Defendant, Elizabeth Brooks ("Brooks") is, upon information and belief, an owner,

manager, officer, partner, shareholder, authorized representative, employee, agent and/or

workman of CI and, acting within the course and scope of her employment and/or business

relationship with CI and, at all relevant times herein, is located at or through CI's office address at 80 Holtz Drive, Buffalo, NY 14225.

8.    At all times relevant to this Complaint, Defendant Brooks is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

9.    Defendant, James Giletto ("Giletto") is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of CI and, acting within the course and scope of his employment and/or business relationship with CI and, at all relevant times herein, is located at or through CI's office address at 80 Holtz Drive, Buffalo, NY 14225.

10.    At all times relevant to this Complaint, Defendant Giletto is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

11.    Defendant, Sueann Corrigan ("Corrigan") is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of CI and, acting within the course and scope of her employment and/or business relationship with CI and, at all relevant times herein, is located at or through CI's office address at 80 Holtz Drive, Buffalo, NY 14225.

12.    At all times relevant to this Complaint, Defendant Corrigan is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

13.    Defendant, Maggie Law ("Law") is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of CI and, acting within the course and scope of her employment and/or business relationship with CI and, at all relevant times herein, is located at or through CI's office address at 80 Holtz Drive, Buffalo, NY 14225.

14.     At all times relevant to this Complaint, Defendant Law is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

15.     At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

### III.  FACTUAL ALLEGATIONS

16.     On October 8, 2010, Defendant Brooks, who identified herself as a representative of Defendant CI, left a message on Plaintiff's home telephone.

17.     For the next two weeks, Plaintiff engaged in negotiations with Defendant Brooks to attempt to settle the alleged debt.

18.     Defendant Brooks informed Plaintiff that Defendant CI would accept $8,000.00 as settlement for the alleged debt and informed Plaintiff that she should borrow the money from her family, as a payment plan was not an option.

19.     Plaintiff received a letter dated October 19, 2010 from Defendant CI regarding the settlement terms.  A true and correct copy of the aforestated letter is attached hereto as Exhibit "A".

20.     In a subsequent telephone conversation, Plaintiff informed Defendant Brooks that she had engaged legal counsel and to stop calling her at home.

21.     Despite having notice that Plaintiff had legal counsel, Defendant Brooks and various representatives of Defendant CI continued to leave messages on Plaintiff's home telephone number.

22.     During November, 2010, Defendant Corrigan, who identified herself as a representative of Defendant CI, called Plaintiff's mother at least twice, expressing urgency that Plaintiff return her call.

23.     On November 27, 2010, an individual who identified herself as Tracy Bundy from

Defendant CI left a message at 11:54 a.m. and asked that Plaintiff return her call today but said

that she would only be in the office until noon.

24.     In late January, Defendant Giletto, who identified himself as a representative from

Defendant CI, called and said it was extremely urgent that Plaintiff get in touch with him and

the deadline was Friday, January 28, 2011 at noon.  Defendant Giletto also stated that if

Plaintiff failed to return his call, the account was going "back to the client."

25.     Despite imposing the aforestatated deadline, Defendant Giletto called again on January

29 and January 31, 2011.

26.     On January 26, 2011, a person who identified herself as Maggie Law from Defendant

CI called Plaintiff's mother and said it was extremely urgent that Plaintiff get in touch with her.

### IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

27.     Plaintiff incorporates her allegations of paragraphs 1 through 26 as though set forth at

length herein.

28.     Defendants' actions as aforestated are false, deceptive, material and misleading to

Plaintiff under the FDCPA and in violation of the FDCPA to Plaintiff as follows:

        (a)     Defendants violated 15 U.S.C. § 1692b(1) by contacting a third-party and failing

to state that collector is confirming or correcting location information.

        (b)     Defendants violated 15 U.S.C. § 1692b(3) by contacting a third-party more than

once without being requested to do so.

(c)     Defendants violated 15 U.S.C.  § 1692b(6) by contacting a third party after knowing the consumer is represented by an attorney.

(d)     Defendants violated 15 U.S.C.  § 1692c(a)(2) by contacting  a person despite knowing that the consumer is represented by an attorney with respect to such debt.

(e)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(f)     Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

(g)     Defendants violated 15 U.S.C. § 1692e(11) by utilizing communications that fail to contain the mini-Miranda warning.

(h)     Defendants violated 15 U.S.C. § 1692e(5) by conveying a false sense of urgency.

(i)     Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

(j)     Defendants violated 15 U.S.C. § 1692g by failing to send the consumer a 30-day validation notice within five days of the initial communication.

29.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

30.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment, humiliation, and physical anguish manifesting as a flare up of her rheumatoid arthritis.

31.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

32.     As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

33.     Plaintiff incorporates her allegations of paragraphs 1 through 32 as though set forth at length herein.

34.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

35.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C.  §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against each and every Defendant for the following:

(1)     Actual damages;

(2)     Statutory damages in the amount of $1,000.00;

(3)     Reasonable attorney's fees and costs;

(4)     Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

36.     Plaintiff incorporates her allegations of paragraphs 1 through 35 as though set forth at length herein.

37.     Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendants violated the FCEU;

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
### ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

38.     Plaintiff incorporates her allegations of paragraphs 1 through 37 as though set forth at length herein.

39.     Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

40.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

41.     Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendants violated the UTCPL

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

### COUNT IV
### INVASION OF PRIVACY

42.     Plaintiff incorporates her allegations of paragraphs 1 through 41 as though set forth at length herein.

43.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by publicly airing private facts concerning the Plaintiff.

44.     Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45.     Plaintiff had a reasonable expectation of privacy in Plaintiff's respective solitude, seclusion and/or private concerns or affairs.

46.     The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

47.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

48.     Defendants acted with malice or reckless disregard to Plaintiff's rights and welfare, warranting the imposition of punitive damages against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dana Tillotson, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously for actual and punitive damages.

## V.  DEMAND FOR JURY TRIAL

49.     Plaintiff incorporates her allegations of paragraphs 1 through 48 as though set forth at length herein.

50.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff

Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
<u>michael@mforbeslaw.com</u>

*Attorney for Plaintiff, Dana B. Tillotson*